IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CECIL CLAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-cv-04003-NKL |
| ) | |
| GEORGE LOMBARDI, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant George Lombardi, the Director of the Missouri Department of Corrections, moves to dismiss Plaintiff Cecil Clayton's complaint, brought under 42 U.S.C. § 1983, for failure to state a claim. [Doc. 15.] Clayton moves for a stay of execution. [Doc. 18.] The motion to dismiss is granted and the motion for a stay of execution is denied without prejudice.

**I.     Background**

Clayton was convicted of first-degree murder and sentenced death on October 27, 1997 by the State of Missouri. On January 29, 2014, the Missouri Supreme Court directed Clayton to show cause why an execution date should not be set, the final procedural prerequisite for setting an execution date. Mo. Sup. Ct. Rule 30.30(d). Clayton's response included the opinion of two experts, who opined he is incompetent to be executed. In March 2014, the State of Missouri informed the Missouri Supreme Court that Lombardi had requested the Missouri Department of Mental Health to assist him in determining whether "reasonable cause" existed to believe Clayton was incompetent to be executed. Mo. Rev. Stat. § 552.060. On December 18, 2014, the State notified the

Missouri Supreme Court that Lombardi had no reasonable cause to believe Clayton lacked capacity under Missouri law. The Missouri Supreme Court granted Clayton's motion for leave to file a supplemental response to the order to show cause, and he filed it on January 9, 2015, the same day he filed this case in federal court. On February 6, 2015, the Missouri Supreme Court entered an order setting March 17, 2015 as Clayton's execution date.

## II. Discussion

Citing *Ford v. Wainwright,* 477 U.S. 339 (1986) and *Panetti v. Quarterman,* 551 U.S. 930 (2007), Clayton alleges in Count I of his complaint that executing him would violate the Eighth Amendment prohibition against cruel and unusual punishment, because he is incompetent. [Doc. 1, p. 31.] He alleges in Count II that Missouri's statutory procedure for determining competency, § 552.060.2, violates his right to due process, because it is a procedure explicitly made available only to the Director of the Missouri Department of Corrections, not to inmates. His prayer for relief includes a request for a declaration that § 552.060.2 on its face and as applied to him violates the Eighth Amendment and Due Process clause; a request for a hearing in federal court in which he is allowed to present evidence that he is incompetent; and a request for an injunction directing the State not to schedule or carry out his execution.

### A. Motion to dismiss

The dispute here is what procedures must be used by a defendant to raise his claim of incompetency and in what court that claim must first be made. It is undisputed that the Eighth Amendment prohibits execution of the mentally incompetent. *Panetti,* 551 U.S. at 934; *Ford,* 477 U.S. at 409-410. Therefore, "[p]rior findings of competency do not

2

foreclose a prisoner from proving he is incompetent to be executed because of his present mental condition." *Panetti,* 551 U.S. at 934.

Lombardi argues that Clayton's § 1983 claims should be dismissed because Clayton's claim of incompetency must be raised in a habeas corpus proceeding in state court, not a § 1983 proceeding in federal court. Lombardi also argues that Clayton's inability to use the statutory procedure reserved to the Director of the Department of Corrections, does not prevent him from using the state habeas corpus procedure that is available to him. Because Missouri concedes Clayton can use a habeas corpus proceeding in state court to litigate whether he is competent to be executed, Lombardi argues Clayton is required to exhaust that state remedy before coming to federal court.

In *Middleton v. Roper,* 759 F.3d 833 (8th Cir. 2014) (*Middleton I*), an inmate presented a *Ford* claim to the district court, without first presenting it to the Missouri Supreme Court. The inmate alleged the State did not provide him adequate procedures for determining competency to be executed. *Id.* at 834. Holding there was no adequate remedy in state court, the district court rejected the State's argument that the case should be dismissed for failure to exhaust state remedies. *Id.* The Eighth Circuit reversed. Although the procedure provided by § 552.060.2 was not available to inmates, the Eighth Circuit observed that nothing in § 552.060.5, "shall be construed to limit…any court in the exercise of any of their powers in any other manner under the law or Constitution of Missouri." *Id.* at 835. The Eighth Circuit went on to hold that "[i]t is improper for a federal court to presume that the Supreme Court of Missouri would refuse to adapt its procedures under Rules 91, 84.24, and 68.0, or other available mechanisms, to conform to the Constitution of the United States as interpreted by the Supreme Court of the United

3

States in *Ford* and *Panetti*[.]" *Id.* Because Middleton had not exhausted his state court remedies, the district court's stay of execution was vacated. *Id.* at 835.

The following day, the Eighth Circuit handed down its decision in *Middleton v. Roper*, 759 F.3d 867 (8th Cir. 2014) (*Middleton II*). On the heels of *Middleton I,* the district court had issued an indefinite stay of execution. *Id.* at 867-68. Vacating the stay order, the Eighth Circuit held that "the district court abused its discretion…, because [the inmate] has not shown a substantial likelihood of success on the merits of his federal habeas petition." The Eighth Circuit reiterated that "[t]he Missouri courts are the proper forum in the first instance for [the inmate's] claim of incompetence to be executed." *Id.* at 869. And "[t]he likelihood of success of a *Ford* claim in a federal habeas petition depends on how the Missouri courts dispose of such a claim." *Id.* (citing 28 U.S.C. § 2254(d), and *Panetti,* 551 U.S. at 948). Because Middleton could present both his *Ford* claim and motion for stay of execution to in the state court, it was an abuse of discretion for the federal district court to enter a stay. *Id.*

The inmate then sought habeas corpus review in the Missouri Supreme Court. *Middleton v. Russell,* 435 S.W.3d 83, 83 (Mo. 2014) (*Middleton III*). That court proceeded to determine whether "the inmate met the substantial threshold showing of incompetence required by *Panetti* and *Ford*[.]" *Id.* at 84. Concluding he had not, the court did not hold a full hearing to determine competence. *Id.* at 84-85.

Clayton argues that the Missouri Supreme Court in *Middleton III* failed to cite authority for its holding that claims regarding competence to be executed could be pursued in state habeas proceedings, and that he therefore need not pursue habeas in the Missouri state courts. [Doc. 16, p. 5.] Whether the Missouri Supreme Court cited

4

authority, that court in fact proceeded to apply state habeas procedure to the inmate's *Ford* claim and examined the claim on the merits. "A federal court may not re-examine a state court's interpretation and application of state law." *Skillicorn v. Luebbers,* 475 F.3d 965, 974 (8th Cir. 2007). And, as discussed above, the Eighth Circuit in *Middleton I* and *II* vacated stays of execution entered by a district court based on claims of incompetence to be executed, because the inmate did not first bring the claims to the Missouri state courts. The *Middleton* cases control, ensuring Clayton an opportunity to litigate his incompetency claim in an adversarial proceeding in state court.

Finally, Clayton's attempt to avoid the Middleton trilogy by invoking 28 U.S.C. § 1983 is unavailing. Clayton is effectively challenging the state's authority to execute him at this time, which is a challenge to the criminal penalty the state imposed. He is not challenging a condition of confinement. It is well settled that a §1983 claim cannot be used to challenge a conviction or sentence. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). The sole use of § 1983 in this context is to challenge a condition of confinement. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Clayton argues that although he "*alleges* he is incompetent to be executed, he does not, in this action, request this Court to so hold." [Doc. 16, p. 3, emphasis in original.] This fine distinction does not alter the fact that his challenge is aimed at his sentence of death, and so must be treated as a request for habeas corpus, a claim that he must first present to the state courts.

In view of the foregoing, the Court grants Lombardi's motion to dismiss.

### B. Motion for stay of execution

Clayton seeks a stay of the March 17, 2015 execution date set by the Missouri Supreme Court. In *Middleton I,* the Eighth Circuit held that the district court abused its

5

discretion by staying the inmate's execution for the purpose of holding a hearing on a *Ford* claim that had not been presented in the first instance to the Missouri state courts. 759 F.3d at 835-36.

In *Middleton II*, issued the following day, the Eighth Circuit held that the district court had abused its discretion in granting an indefinite stay of execution, because the inmate had not shown a substantial likelihood of success on the merits of a *Ford* claim in his federal habeas petition. 759 F.3d at 869. And the likelihood of success in federal habeas depended on how the Missouri courts disposed of such a claim. *Id.* There was no reason why the inmate could not present both his *Ford* claim and motion for stay of execution in the state courts. *Id.*

In view of *Middleton I* and *II*, and this Court's dismissal of Clayton's case, Clayton's motion for a stay of execution is denied, without prejudice.

### III. Conclusion

Defendant Lombardi's motion to dismiss [Doc. 15] is granted. Plaintiff Clayton's motion for a stay of execution [Doc. 18] is denied, without prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 24, 2015
Jefferson City, Missouri

6

Case 4:15-cv-04003-NKL   Document 21   Filed 02/24/15   Page 6 of 6